**EASTERN STATES PETROLEUM & CHEMICAL CORPORATION, Appellant,**

v.

**Fred A. SEATON, individually and as Secretary of the Interior, et al., Appellees.**

**No. 14579.**

United States Court of Appeals District of Columbia Circuit.

July 28, 1958.

Mr. Edwin Jason Dryer, Washington, D. C., a member of the bar of the Supreme Court of Utah, pro hac vice, by special leave of court, with whom Messrs. Norman L. Meyers, Elmer E. Batzell, David I. Shapiro, Ivan V. Kerno and Theodore A. Miller, Washington, D. C., were on the pleadings, for appellant.

Mr. Donald B. MacGuineas, Washington, D. C., with whom Messrs. Oliver Gasch, U. S. Atty., E. Riley Casey, Asst. U. S. Atty., George S. Leonard and Samuel D. Slade, Attorneys, Department of Justice, were on the pleadings, for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

This case came on for consideration on appellant's appeal from the order of the District Court dismissing the complaint and denying a preliminary injunction, on affidavits supporting and opposing the motion for preliminary injunction, on appellant's motion in this court for an injunction pending appeal, and on arguments of counsel.

It appears that the District Court on July 11, 1958, denied appellant's motion for a preliminary injunction on the ground that the complaint failed to state a claim upon which relief could be granted and dismissed said complaint. Because appellant tendered the issue of arbitrary action by appellees in implementing the Voluntary Oil Import Program by sufficient allegations in its complaint, the complaint states a claim upon which relief could be granted and should not have been dismissed.

It is therefore ordered by the court that this case be, and it is hereby, remanded to the District Court with directions to vacate the orders dismissing the complaint and denying the motion for preliminary injunction and to afford appellees an opportunity, in opposition to the motion for preliminary injunction, to controvert the allegations of arbitrary action; then to promptly hold a hearing for the purpose of determining whether a preliminary injunction, pending trial, is warranted. See Yakus v. United States, 1944, 321 U.S. 414, 431–443, 64 S.Ct. 660, 88 L.Ed. 834.

It is further ordered by the court that the motion in this court for injunction

pending appeal be, and it is hereby, denied.

It is further ordered by the court that a certified copy of this order issue to the District Court forthwith.

Affirmed.